ATTORNEY GENERAL *v.* KINDY OPTICAL CO.

CORPORATIONS—OPTOMETRISTS—ULTRA VIRES.

> Employment of licensed optometrists by corporation authorized to ''carry on the business of opticians and dealers in optical goods and allied lines'' in connection with sale of its goods is natural extension of service and not *ultra vires.*

Appeal from Wayne; Campbell (Allan), J. Submitted October 3, 1933. (Docket No. 4, Calendar No. 37,203.) Decided December 5, 1933.

*Quo warranto* proceedings by Paul W. Voorhies, Attorney General (Patrick H. O'Brien, successor), to oust Kindy Optical Company, a Delaware corporation, from practicing optometry in this State. Judgment for defendant. Plaintiff appeals. Affirmed.

*Patrick H. O'Brien,* Attorney General, and *Walter A. Kirkby,* Assistant Attorney General, for plaintiff.

*Ben H. Cole,* for defendant.

*Lucking, Van Auken & Sprague, amicus curiæ.*

POTTER, J. Information in the nature of *quo warranto* by the attorney general, to oust defendant from employment of licensed optometrists who serve customers while employed by it. From a judgment for defendant, plaintiff appeals. The State claims the purposes set forth in defendant's articles of association do not include such service, and the law prohibits defendant corporation from operating an optometric department. Included in the purposes of the corporation is to ''carry on the business of opticians and dealers in optical goods

- and allied lines." Defendant employs optometrists in connection with its sale of optical goods. The employment of an optometrist in connection with the sale of optical goods by defendant is a natural and proper extension of its authorized service and is not *ultra vires*.

The statute, 2 Comp. Laws 1929, § 6787, contemplates maintenance of an optometrical department by corporations in connection with the sale of optical goods, but specific types of advertising are prohibited. Many decisions construing different statutes are cited. They are not applicable to the construction of the statutes of this State.

Judgment affirmed, but without costs.

McDONALD, C. J., and WEADOCK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.